THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANEKA JUNIOR, | CASE NO. 2:22-cv-01232-RAJ |
| Plaintiff, | ORDER |
| v. | |
| GEICO INSURANCE AGENCY, LLC, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. # 8. Defendant opposes this motion. Dkt. # 10. Neither party requested oral argument and this motion may be decided without it. For the reasons below, the Court **DENIES** the motion.

## II. BACKGROUND

Plaintiff Taneka Junior ("Plaintiff") filed a complaint for damages against GEICO Insurance Agency, LLC ("Defendant" or "GEICO"), a Maryland-based limited-liability company, stemming from an August 2020 vehicular collision involving GEICO policyholder and non-party Linda Douglas and an underinsured motorist. Dkt. 1-1

ORDER- 1

(Complaint). The case was filed on May 7, 2022 in King County Superior Court. *Id.* On May 24, 2022, Defendant filed a Notice of Appearance with King County Superior Court. Dkt. # 8-1, Ex. 4. On May 25, 2022 Plaintiff served the summons and complaint on Defendant's registered agent in Olympia, Washington. Dkt. # 8-1, Ex. 5. On June 20, 2022 Defendant propounded interrogatories and document requests on Plaintiff. Dkt. # 11-1. On June 21, 2022 Defendant filed their request for a statement of damages, Dkt. # 8-1, Ex. 6, and on August 3, 2022, Plaintiff filed her response indicating that the amount in controversy was in excess of $250,000. Dkt. # 8-1, Ex. 7. Also on August 3, 2022, Plaintiff served the Insurance Commissioner of the State of Washington ("OIC") and OIC accepted service of process and provided notice of same to Defendant. Dkt. # 1-2, Ex. G. On September 1, 2022 Defendant filed its notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. Dkt. # 1-2, Ex. N.

On September 9, 2022, Plaintiff filed the instant motion to remand. Dkt. # 8. While Plaintiff concedes that the amount in controversy exceeds $75,000 and the parties have diversity of citizenship, Dkt. # 8 at 3, Plaintiff argues that removal was untimely under 28 U.S.C. § 1446(b)(1) because Defendant filed its notice of removal more than 30 days after service on Defendant on May 25, 2022. *Id.* at 3-4. Defendant responded to the motion, arguing that the operative date for the 30-day removal clock was August 3, 2022, the date on which OIC was served. Dkt. # 10. In reply, Plaintiff argues that Defendant effectively waived personal service by serving substantive discovery on Plaintiff in June 2022. Dkt. # 11.

### III.    LEGAL STANDARD

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a civil action brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a).

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566. The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Under this statute, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

Whether and when formal service is completed is determined according to state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Resources v. Powerex Corp.*, 533 f.3d 1087 (9th Cir. 2008). Failure to remove a case within 30 days after the completion of formal service makes the removal procedurally defective. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n.1 (9th Cir. 1988). In Washington, foreign insurers are required to appoint OIC as its attorney to receive service of legal process. RCW 48.05.200(1); *see also* RCW 4.28.080 (service against an authorized foreign insurance company must be conducted pursuant to RCW 48.05.200). OIC then forwards the service documents to the foreign insurer. RCW 48.05.200(2). Under Washington law, "[s]ervice upon the commissioner as attorney constitutes service upon the insurer," and "[s]ervice of legal process against the insurer can be had *only* by service upon the commissioner…." RCW 48.05.200(1) (emphasis added). "The thirty-day deadline for

removal begins to run once the insurer receives the summons and complaint from the Commissioner." *Reger v. Century Nat'l Ins. Co.*, Case No. 2:22-cv-1126-DWC, 2022 WL 16960530, at *2 (W.D. Wash. Nov. 16, 2022).

## IV. DISCUSSION

Plaintiff argues that the 30-day deadline for removal to federal court began on May 25, 2022—the date on which Defendant GEICO's designated agent was served in Olympia, Washington. Plaintiff further argues that Defendant's actions after its initial receipt of the summons and complaint—serving interrogatories and document requests on Plaintiff—effectively waived personal service and therefore, Defendant's right of removal. However, the Court is not persuaded.

"The sufficiency of service of process prior to removal is strictly a state law issue." *Pinkham v. State Farm. Mut. Auto. Ins. Co.*, Case No. 3:18-cv-05300-RJB, 2018 WL 2440648, at *1 (W.D. Wash. May 31, 2018) (quoting *Lee,* 12 F.3d at 937). Washington law is clear: "[s]ervice of legal process against the insurer can be had only by service upon the commissioner…" RCW 48.050.200(1). Plaintiff does not contest that Defendant is a foreign insurer. Therefore service of process as to Defendant must be on OIC. Plaintiff's delivery of the initial pleadings to Defendant's registered agent in May 2022 simply did not constitute proper service under Washington law. *See Ohio Sec. Ins. Co. v. Axis Ins. Co.*, 190 Wn.2d 348, 351 (2018) (holding that the Washington Insurance Commissioner is the uniform and "exclusive agent to accept service on behalf of" foreign insurers and rejecting the argument that more general service on an agent, cashier, or secretary of foreign insurer instead was sufficient). Given this, the 30-day clock began to run on August 3, 2022, when Defendant received notice of service of process from OIC. *See Anderson v. State Farm Mutual Auto. Ins. Co.*, 917 F.3d 1126 (9th Cir. 2019) (30-day removal clock begins when foreign insurer received notice from statutorily designated agent). Defendant's notice of removal was timely.

Further, Plaintiff's argument that Defendant waived personal service by the service of substantive discovery on Plaintiff is similarly unpersuasive. Plaintiff cites *Raymond v. Fleming* for the assertion that Defendant's service of discovery on Plaintiff effectively waived personal service (and, the Court must presume, Defendant's right to remove the matter to federal court). 24 Wn.App. 112, 113 (1979). But the case is distinguishable from the facts before the Court. In *Raymond*, the court found that the defendant waived the ability to raise the defense of insufficient service of process in an answer or responsive pleading due to conduct that was "both dilatory and inconsistent with the later assertion of the defense…" *Id.* at 114. In contrast, "because access to a federal forum is a significant right, 'a waiver of the right to removal [to federal court] must be clear and unequivocal.'" *Foley v. Allied Interstate, Inc.*, 312 F.Supp.2d 1279, 1285 (C.D. Cal. 2004) (citing *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)). "Actions short of proceeding to an adjudication on the merits will not result in waiver" of this right. *Id.* at 1284. Actions such as filing a responsive pleading or serving interrogatories do not "constitute litigation on the merits because they" do not result in adjudication on the merits. *Id.* Because Defendant has not sought adjudication on the merits, the Court finds that Defendant did not waive the right of removal.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. Dkt. # 8.

DATED this 5th day of January, 2023.

The Honorable Richard A. Jones
United States District Judge